# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00435-CV

**R. R., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
### NO. 23-FL-266, THE HONORABLE CHRIS SCHNEIDER, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

Although I agree that the trial court's order of termination should be affirmed, I believe that we should not have reached the issues raised by Mother and therefore respectfully concur in the Court's judgment only.

**Preservation**

As the Court notes in its opinion, this case was tried to a jury, but Mother did not move for a directed verdict, move for a judgment notwithstanding the verdict, object to any jury question's submission, move to disregard the jury's answer to any vital fact issue, or file a motion for new trial. Accordingly, the Court determined that Mother did not preserve any legal or factual sufficiency challenge. *See R.R. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-24-00435-CV, slip. op. at *11 (Tex. App.—Austin Oct. 10, 2024, no pet. h.) (mem. op.) (citing and relying on *In re A.P.*, No. 05-19-01536-CV, 2020 WL 3071708, at *5 (Tex. App.—Dallas June 10, 2020,

no pet.) (mem. op.); *In re D.J.J.*, 178 S.W.3d 424, 426–27 (Tex. App.—Fort Worth 2005, no pet.)). The Court then goes on to address the issues anyway in the interest of justice and due to the importance of the rights involved.

Although this Court has in similar circumstances gone on to address sufficiency challenges in termination cases despite the issues not being preserved, *see id.* at *11-12 (citing *A.K. v. Texas Dep't of Fam. Protective Servs.*, No. 03-22-00285-CV, 2022 WL 14989625, at *5 n.3 (Tex. App.—Austin Oct. 27, 2022, pet. denied) (mem. op.); *J.M. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-22-00187-CV, 2022 WL 7163637, at *10 (Tex. App.—Austin Oct. 13, 2022, no pet.) (mem. op.); *W.B. v. Texas Dep't of Fam. Protective Servs.*, No. 03-14-00134-CV, 2014 WL 4179456, at *2 (Tex. App.—Austin Aug. 20, 2014, no pet.) (mem. op.)), those cases did not address the clear directives from the Texas Supreme Court that unpreserved issues, specifically in the termination context, should not be addressed.

In particular, the Supreme Court has explained that "the rules governing error preservation must be followed in cases involving termination of parental rights, as in other cases in which a complaint is based on constitutional error." *In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005). Further the Court has explained that "adhering to our preservation rules isn't a mere technical nicety; the interests at stake are too important to relax rules that serve a critical purpose." *In re L.M.I.*, 119 S.W.3d 707, 708 (Tex. 2003). Building on the preceding, the Court reasoned that "allowing appellate review of unpreserved error would undermine the Legislature's intent that cases terminating parental rights be expeditiously resolved, thus '[p]romot[ing] the child's interest in a final decision and thus placement in a safe and stable home.'" *Id.* at 711 (quoting *In re B.L.D.*, 113 S.W.3d 340, 353 (Tex. 2003)). Compliance with the legislative goal of ensuring "the prompt and permanent placement of the child in a safe environment," *see* Tex. Fam. Code § 263.307(a),

2

would seem even more critical in cases like this involving children younger than five years of age. The Supreme Court's directives not to consider unpreserved claims are unaffected by the Court's decision in *In re N.G.* concerning the need to address the sufficiency of the evidence supporting endangerment findings because "the ruling in *In re N.G.* 'presupposes that the appellant has preserved the issues for appeal in the first instance.'" *B.S. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-22-00279-CV, 2022 WL 16842084, at *3 (Tex. App.—Austin Nov. 10, 2022, no pet.) (mem. op.) (quoting *In re D.T.*, 593 S.W.3d 437, 439 n.3 (Tex. App.—Texarkana 2019), *aff'd*, 625 S.W.3d 62 (Tex. 2021)).

For these reasons, I would have concluded that Mother did not preserve her sufficiency challenges and affirmed the trial court's order on that basis.

**(D) or (E) Grounds**

After deciding to reach Mother's unpreserved claims, the Court then analyzes whether both endangerment findings were supported by sufficient evidence. When addressing both endangerment findings, the Court notes that the Supreme Court directed appellate courts to address endangerment findings if an endangerment ground was used as a basis for termination. Further, the Court notes that the directive was based on due process concerns stemming from the potential for an endangerment finding to be used as a basis for future terminations. *See R.R.*, No. 03-24-00435-CV, slip. op. at *13 (discussing *In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019)). In *In re N.G.*, the Supreme Court's alternating use of the conjunctive "and" and disjunctive "or" when discussing grounds (D) and (E) and its decision to remand the case rather than apply its new directive has created some confusion over whether appellate courts must consider the sufficiency of the evidence for both (D) and (E) grounds when applicable or may determine whether the

3

evidence is sufficient to support either of those grounds, as is done with all other grounds for termination. *Compare In re N.G.*, 577 S.W.3d at 233, 235, 239 (using "(D) and (E)" three times), *with id.* at 233-37 & n.1 (using "(D) or (E)" fifteen times including once where opinion explains that appellate courts will now "review findings under section 161.001(b)(1)(D) or (E) without reviewing other grounds"); *see also In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) ("Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest.").

Although the language of the Supreme Court's opinion is ambiguous, this Court has expressly concluded that it is only necessary to affirm on "one endangerment finding under either (D) or (E) without addressing the other endangerment finding, even in cases where the other finding is challenged on appeal." *See J.B.M.H. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-22-00661-CV, 2023 WL 2920315, at *8 (Tex. App.—Austin Apr. 13, 2023, pet denied) (mem. op.) (collecting nine cases from this Court addressing one but not both endangerment findings following supreme court's decision in *In re N.G.*). In reaching that result, this Court explained that the collateral consequences from an endangerment finding to future termination proceedings "are identical whether there is a (D) finding alone, an (E) finding alone, or both a (D) and an (E) finding" and that determining that evidence was insufficient as to one ground but sufficient as to the other "would not lessen the collateral consequences for the parents." *Id.* Further, this Court explained that by limiting its analysis to the review of one endangerment ground, this Court "expedited the disposition of this appeal," ensured "that the parents' due-process rights were protected by reviewing one of the two endangerment findings," and complied with the directive from the Rules of Appellate Procedure requiring appellate courts to hand down opinions that are as brief as possible but that address issues necessary to the final disposition of

4

the appeal. *Id.* (citing Tex. R. App. P. 47.1). To that analysis, I would add that addressing both grounds when only one would suffice runs contrary to the legislative mandate outlined above of protecting the best interest of children by requiring "the prompt and permanent placement of the child in a safe environment." *See* Tex. Fam. Code § 263.307(a).

In light of the preceding, I believe that addressing both endangerment findings was unnecessary and unwarranted. However, if the Supreme Court believes both endangerment findings should be addressed, it would be beneficial for that Court to set out its intent in an appropriate case.

For these reasons, I respectfully concur in the Court's judgment affirming the trial court's termination order.

_____

Thomas J. Baker, Justice

Before Justices Baker, Smith, and Theofanis

Filed: October 25, 2024